In re TIME INC.; Dow Jones and Company, Incorporated; The New York Times Company; The Los Angeles Times; The Associated Press, Petitioners.

No. 99–1489.

United States Court of Appeals, Fourth Circuit.

May 6, 1999.

### ORDER

Time Inc., Dow Jones & Company, Inc., The New York Times Company, The Los Angeles Times, and The Associated Press have petitioned for a writ of mandamus instructing the district court to unseal certain documents filed in *United States v. Julie Hiatt Steele*, Cr. No. 99–9–A, pending in the United States District Court for the Eastern District of Virginia. The documents at issue were filed as exhibits in support of several of Steele's pretrial motions. The documents were filed under seal because they were subject to a blanket protective order that controlled discovery.

A First Amendment right of access applies to a criminal trial, including documents submitted in the course of a trial. This right of access also applies to plea and sentencing hearings and to documents filed in connection with such hearings. *See In re Washington Post Co.*, 807 F.2d 383, 388–390 (4th Cir.1986). Further, this same right applies to certain other pretrial proceedings and filings. *See id.; In re State–Record Co.*, 917 F.2d 124, 125, 129 (4th Cir.1990); *In re Charlotte Observer*, 882 F.2d 850, 852 (4th Cir.1989). In *In re Charlotte Observer*, for example, we held that a First Amendment right of access applied to documents filed in connection with a motion for a change of venue in a criminal case. *See* 882 F.2d at 853–55. Here, the petitioners question the sealing of documents filed with several pretrial motions, including motions to dismiss the indictment, to transfer the case, and to compel discovery. *See* Petition at 1. We believe that the pretrial motions here are part of the proceedings to which the traditional First Amendment right of access applies.

As we understand it, only the Government (the Office of Independent Counsel) urges sealing in the proceedings here. In such proceedings to which a First Amendment right of access attaches, a court must assess whether sealing documents is " 'necessitated by a compelling government interest, and . . . narrowly tailored to serve that interest.' " *Washington Post*, 807 F.2d at 390 (quoting *Press–Enterprise I*, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984)). In making this assessment, a district court must follow the procedures established in *In re Charlotte Observer*. *See* 882 F.2d at 853. That is, the court must (1) provide public notice that the sealing of documents may be ordered, (2) provide interested persons an opportunity to object before sealing is ordered, (3) state the reasons, supported with specific findings, for its decision if it decides to seal documents, and (4) state why it rejected alternatives to sealing. *Id.* As the petitioners suggest, the district court may seal its specific findings if necessary to avoid revealing the very information it intends to protect. *See* Reply Brief in Support of Petition For a Writ of Mandamus at 7; *see also* 807 F.2d at 391.

Here, the district court issued a protective order governing the treatment of discovery materials provided by the Government to the defense in the *Steele* case. It allowed the Government to designate materials provided as "confidential" at its discretion. If any materials marked "confidential" were appended to any court filing, the material had to be filed under seal. The court encouraged the parties to negotiate whether any material marked "confidential" could be made public and instructed the parties to bring any disputes on this issue to its attention. After Steele filed motions with sealed documents attached, the petitioners moved for access to the documents. The district court denied the motion without conducting an *in camera* review and without following all of the *In re Charlotte Observer* procedures.

Once Steele began filing pretrial motions with sealed documents attached, the district court could not order that those

documents remain under seal without reviewing them and complying with the procedures specified in *In re Charlotte Observer*. *Cf. Rushford v. The New Yorker Magazine*, 846 F.2d 249, 252 (4th Cir. 1988). The district court is now directed to undertake that process.

We recognize that the *Steele* trial is now under way, and this prompts us to make two points. First, the need for review of sealed documents is moot to the extent they have been disclosed during trial. Second, we do not intend for this order to disrupt the trial. We are confident that the district court will attend to our directions as expeditiously as it can, giving all necessary attention to the conduct of the trial.

Because we are confident that the district court will provide the relief outlined in this order, we believe it unnecessary to issue a writ.

ENTERED at the direction of Judge Michael with the concurrences of Judge Ervin and Judge King.