**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 15-1179**

─────────────

In re:   THE WALL STREET JOURNAL; THE ASSOCIATED PRESS;
CHARLESTON GAZETTE; NATIONAL PUBLIC RADIO, INC.; FRIENDS OF
WEST VIRGINIA PUBLIC BROADCASTING, INC.,

Petitioners.

------------------------------

THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS; AMERICAN
SOCIETY OF NEWS EDITORS; AOL, INC. (HUFFINGTON POST);
ASSOCIATION OF ALTERNATIVE NEWSMEDIA; THE ASSOCIATION OF
AMERICAN PUBLISHERS INCORPORATED; BLOOMBERG, L.P.; THE
CENTER FOR INVESTIGATIVE REPORTING; COURTHOUSE NEWS SERVICE;
FIRST AMENDMENT COALITION; FIRST LOOK MEDIA, INC.; HEARST
CORPORATION; INVESTIGATIVE REPORTING WORKSHOP AT AMERICAN
UNIVERSITY; JOURNAL SENTINEL, INC.; THE MCCLATCHY COMPANY;
MINE SAFETY & HEALTH NEWS; NEWSPAPER ASSOCIATION OF AMERICA;
THE NATIONAL PRESS CLUB; NATIONAL PRESS PHOTOGRAPHERS
ASSOCIATION; NBCUNIVERSAL MEDIA, LLC; NEW ENGLAND NEWSPAPER
AND PRESS ASSOCIATION, INC.; NEW ENGLAND SOCIETY OF
NEWSPAPER EDITORS; THE NEW YORK TIMES COMPANY; NORTH JERSEY
MEDIA GROUP, INC.; ONLINE NEWS ASSOCIATION; REUTERS AMERICA
LLC; THE SEATTLE TIMES COMPANY; SOCIETY OF PROFESSIONAL
JOURNALISTS; THE THOMAS JEFFERSON CENTER FOR THE PROTECTION
OF FREE EXPRESSION; TRIBUNE PUBLISHING COMPANY; TULLY CENTER
FOR FREE SPEECH,

Amici Supporting Petitioners.

─────────────

On Petition for Writ of Mandamus to the United States District
Court for the Southern District of West Virginia, at Beckley.
Irene C. Berger, District Judge.  (5:14-cr-00244-1)

─────────────

Argued:  March 2, 2015                 Decided:  March 5, 2015

─────────────

Before GREGORY and WYNN, Circuit Judges, and DAVIS, Senior Circuit Judge.

—————————

Petition granted by unpublished per curiam order.

—————————

**ARGUED:** David A. Schulz, LEVINE SULLIVAN KOCH & SCHULZ LLP, New York, New York, for Petitioners. Steven Robert Ruby, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Respondent United States. William Woodruff Taylor, III, ZUCKERMAN SPAEDER LLP, Washington, D.C., for Respondent Donald L. Blankenship. **ON BRIEF:** Sean P. McGinley, DITRAPANO BARRETT DIPIERO MCGINLEY & SIMMONS, PLLC, Charleston, West Virginia; Katherine M. Bolger, LEVINE SULLIVAN KOCH & SCHULZ LLP, New York, New York, for Petitioners. James A. Walls, SPILMAN THOMAS & BATTLE, PLLC, Morgantown, West Virginia; Blair G. Brown, ZUCKERMAN SPAEDER LLP, Washington, D.C., for Respondent Donald L. Blankenship. R. Booth Goodwin, II, United States Attorney, R. Gregory McVey, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Respondent United States. Bruce D. Brown, Gregg P. Leslie, Katie Townsend, Tom Isler, REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS, Washington, D.C., for Amicus The Reporters Committee for Freedom of the Press; Kevin M. Goldberg, FLETCHER, HEALD & HILDRETH, PLC, Arlington, Virginia, for Amici American Society of News Editors and Association of Alternative Newsmedia; Jonathan Bloom, WEIL, GOTSHAL & MANGES LLP, New York, New York, for Amicus The Association of American Publishers, Incorporated; Rachel Matteo-Boehm, BRYAN CAVE LLP, San Francisco, California, for Amicus Courthouse News Service; Mickey H. Osterreicher, Buffalo, New York, for Amicus National Press Photographers Association; Robert A. Bertsche, PRINCE LOBEL TYE LLP, Boston, Massachusetts, for Amici New England Newspaper and Press Association, Incorporated and New England Society of Newspaper Editors; Charles D. Tobin, HOLLAND & KNIGHT LLP, Washington, D.C., for Amicus The National Press Club; Michael Kovaka, COOLEY LLP, Washington, D.C., for Amicus Online News Association; Bruce W. Sanford, Laurie A. Babinski, BAKER & HOSTETLER LLP, Washington, D.C., for Amicus Society of Professional Journalists; Kurt Wimmer, COVINGTON & BURLING LLP, Washington, D.C., for Amicus The Newspaper Association of America; Regina Thomas, Assistant General Counsel, AOL INC., Dulles, Virginia; Randy L. Shapiro, Global Media Counsel, BLOOMBERG, LP, New York, New York; Judy Alexander, Chief Legal Counsel, THE CENTER FOR INVESTIGATIVE REPORTING, Soquel, California; Peter Scheer, FIRST

AMENDMENT COALITION, San Rafael, California; Lynn Oberlander, General Counsel, Media Operations, FIRST LOOK MEDIA, INC., New York, New York; Jonathan Donnellan, Kristina Findikyan, Office of General Counsel, HEARST CORPORATION, New York, New York; Mary Hill Taibl, Senior Vice President, General Counsel, Secretary, Chief Compliance Officer, JOURNAL SENTINEL, INC., Milwaukee, Wisconsin; Karole Morgan-Prager, Juan Cornejo, THE MCCLATCHY COMPANY, Sacramento, California; Beth R. Lobel, Vice President, Media Law, NBCUNIVERSAL MEDIA, LLC, New York, New York; David McCraw, Vice President/Assistant General Counsel, THE NEW YORK TIMES COMPANY, New York, New York;  Gail C. Gove, Chief Counsel, Katharine Larsen, Counsel, News, REUTERS AMERICA LLC, New York, New York; Karen H. Flax, Chicago, Illinois, Jeff Glasser, TRIBUNE PUBLISHING COMPANY, Los Angeles, California; Jennifer A. Borg, General Counsel, NORTH JERSEY MEDIA GROUP INC., Woodland Park, New Jersey; J. Joshua Wheeler, THE JEFFERSON CENTER FOR THE PROTECTION OF FREE EXPRESSION, Charlottesville, Virginia, for Amici Curiae.

## ORDER

PER CURIAM:

This matter comes before us on a Petition for Writ of Mandamus filed by a group of news organizations and a non-profit, all of whom the United States District Court for the Southern District of West Virginia permitted to intervene in a pending criminal case. Having been largely rebuffed by the district court, Petitioners seek vacatur of a sealing and gag order which prohibits: (1) public access to most documents filed in the case and (2) the parties, their counsel, potential trial participants, court personnel, and others from discussing the case with any member of the media.

The district court, sua sponte, issued its order restricting access to the docket and prohibiting extrajudicial statements one day after a grand jury sitting in the district returned the indictment. Petitioners moved to intervene in the case and requested the district court to reconsider or vacate its order. Defendant, Donald Blankenship, opposed the motion; the government took no position as to the propriety of the order or of its scope. After a hearing, the district court granted Petitioners' motion to intervene and modified the sealing and

4

gag order.[*]  We granted Petitioners' Motion for Expedited Consideration of the Petition for Mandamus given the substantial First Amendment issues at stake.  We have had the benefit of oral argument on behalf of Petitioners, the government, and Defendant Blankenship, and we have carefully reviewed the submissions of the parties and amici.

Petitioners appropriately seek mandamus relief, as it "is the preferred method for review of orders restricting press activity related to criminal proceedings."  In re State-Record Co., Inc., 917 F.2d 124, 126 (4th Cir. 1990) (per curiam) (quotation marks and citation omitted).  Petitioners meet the

---

[*] The amended order states in relevant part:

"Wherefore, the Court does hereby ORDER that neither the parties, their counsel, other representatives or members of their staff, potential witnesses, including actual and alleged victims, investigators, family members of actual and alleged victims as well as of the Defendant, nor any court personnel shall make any statements of any nature, in any form, or release any documents to the media or any other entity regarding the facts or substance of this case."

"The Court further ORDERS that any and all motions, stipulations, discovery requests, responses, supplemental requests and responses, and other relevant documents be filed directly with the Clerk pursuant to Rule 49.1 of the Local Rules of Criminal Procedure, and that access to any documents filed on CM/ECF in this matter, which contain information or argument regarding the facts or substance of this case, be restricted to case participants and court personnel. However, this order shall not be applicable to documents which have previously been released publicly or orders of the Court, absent specific instruction to the contrary. The Court DIRECTS the Clerk to make the docket entries publicly available."

constitutional requirements for standing because their right under the First Amendment to gather news, see Branzburg v. Hayes, 408 U.S. 665, 681 (1972), and to receive speech from willing speakers, see Stephens v. Cnty. of Albermarle, 524 F.3d 485, 492 (4th Cir. 2008), has been directly impaired by the district court's order. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

We review de novo the constitutional questions presented in the Petition. In re Charlotte Observer, 882 F.2d 850, 852 (4th Cir. 1989).

The public enjoys a qualified right of access to criminal trials, see Richmond Newspapers v. Virginia, 448 U.S. 555, 580 (1980); pretrial proceedings, see Press-Enter. Co. v. Super. Ct., 478 U.S. 1, 14 (1986) ("Press-Enterprise II"); and "documents submitted in the course of a trial," including documents filed in connection with a motion to dismiss an indictment and other pretrial filings. In re Time Inc., 182 F.3d 270, 271 (4th Cir. 1999); see also In re Charlotte Observer, 882 F.2d at 852. Where the right of an accused to a fair trial is at stake, the public will not be denied access absent "specific findings . . . demonstrating that, first, there is a substantial probability that the defendant's right to a fair trial will be prejudiced by publicity that closure would prevent and, second, reasonable alternatives to closure cannot

6

adequately protect the defendant's fair trial rights." Press-Enterprise II, 478 U.S. at 14.

Having carefully reviewed the record, although we commend the district court's sincere and forthright proactive effort to ensure to the maximum extent possible that Blankenship's right to a fair trial before an impartial jury will be protected, we are constrained to conclude that the order entered here cannot be sustained. See id. See also In re Morrissey, 168 F.3d 134, 139-40 (4th Cir. 1999); In re Russell, 726 F.2d 1007, 1010 (4th Cir. 1984); Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 562 (1976).

Accordingly, the petition for mandamus is GRANTED and the district court is directed to enter an order vacating its amended sealing and gag order of January 7, 2015.

SO ORDERED