Vacated and remanded by published ■ opinion, which is filed under seal by published order. Judge KING wrote the opinion, in which Judge AGEE joined except as to footnote 10 and Senior Judge DAVIS joined in full. Judge AGEE and Senior Judge DAVIS wrote concurring opinions. Judge KING directed entry of the sealing order with the concurrence of Judge AGEE and Senior Judge DAVIS.
SEALING ORDER
KING, Circuit Judge:
The Court’s opinion in this matter is filed under seal due to the sensitive nature of its contents. Premised on the conclusion that the district court committed plain error, the Court’s opinion vacates and remands for further proceedings. Judge Agee joined in the Court’s opinion except as to footnote 10, which reads:
We are somewhat surprised that the government failed to confess plain error on appeal and thereby enhance the integrity of judicial proceedings. We are again reminded of the Supreme Court’s decision in Berger v. United, States, where the United States Attorney was properly described as representing a sovereign “whose obligation ... in a criminal prosecution is not that it shall win a case, but that justice shall be done.” See 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314 (1935). As Justice Sutherland further explained, the public must have “confidence that these obligations ... will be faithfully observed,” and that prosecutors will strive to ensure fairness and justice. Id.
Senior Judge Davis joined in the Court’s opinion in full.
The concurring opinions of Judge Agee and Senior Judge Davis each discuss footnote 10. Those concurring opinions are attached to this order, although Judge Agee’s concurring opinion is partially redacted for the same reason that the Court’s opinion is hereby sealed.
Nearly all the record of this matter— including most of the proceedings conducted in the district court, a portion of the public docket, substantial aspects of the appellate briefs, and the oral argument of this appeal — has been and remains sealed. As specified in footnote 11 of the Court’s opinion, the district court should, on remand, “consider alternatives [to] sealing the [entirety of the] record” and carefully “weigh the competing interests at stake.” Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 181-82 (4th Cir.1988); see also *116 Va. Dep’t of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir.2004). Public access to judicial proceedings is consistent with the “First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny.” Doe v. Pub. Citizen, 749 F.3d 246, 265 (4th Cir.2014); see also In re The Wall St. Journal, No. 15-1179, 601 Fed.Appx. 215, 217-18, 2015 WL 925475, at *1 (4th Cir. Mar. 5, 2015) (explaining that the public “enjoys a qualified right of access to criminal trials, pretrial proceedings, and documents submitted in the course of a trial” (internal quotation marks omitted)). Accordingly, the parties — particularly the government — should notify the district court and this Court if sealing of the record (in whole or in part) is no longer necessary.