**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4168

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ANTON CALUORI,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Catherine C. Eagles, District Judge. (1:16-cr-00354-CCE-1)

Argued: January 23, 2018                            Decided: February 21, 2018

Before NIEMEYER, KING, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED**: Bryan Gates, Jr., Winston-Salem, North Carolina, for Appellant. Eric Lloyd Iverson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF**: Sandra J. Hairston, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In August 2012, Anton Caluori sent more than ten threatening emails to the White House and the FBI. By those emails, Caluori threatened, inter alia, to kill the President and engage in a cop-killing spree. Law enforcement officers responded to the threats by visiting Caluori's apartment in SeaTac, in the State of Washington, on August 21, 2012. Caluori — a Navy veteran who suffers from severe psychiatric problems — answered the officers at his door holding a loaded short-barreled shotgun and wearing a bandolier of shotgun shells across his chest. After identifying themselves, the officers directed Caluori to drop his weapon. When Caluori refused to do so, the officers managed to safely wrestle Caluori to the ground and place him in custody. The officers then searched the apartment and seized two assault rifles and hundreds of rounds of ammunition.

In November 2014, Caluori pleaded guilty in the Western District of Washington to multiple federal offenses, including threatening the President and assaulting federal officers. Caluori's sentence included five years of supervised release. As a condition of release, the district court ordered Caluori to "participate as directed in a mental health program approved by the United States Probation Office and follow all recommendations of the treatment provider." *See United States v. Caluori*, No. 2:12-cr-0255, at 4 (W.D. Wash. Mar. 13, 2015), ECF No. 187. Pursuant to Caluori's plea agreement with the United States Attorney, however, his refusal to take prescribed antipsychotic medications would not immediately contravene the conditions of his supervised release. Thus, the court specified in the judgment that

2

the defendant's refusal to take medication shall not be a violation of supervised release unless the Court, after affording the defendant due process, determines and orders that the defendant shall be compelled to take such medication, and the defendant thereafter violates the Court's order.

*Id.*

During 2015, Caluori — who by then had moved to North Carolina to live with his father — stopped taking his antipsychotic medications and refused to further participate in treatments for paranoid schizophrenia. A hearing was thereafter conducted in the Middle District of North Carolina to assess whether Caluori had violated the conditions of supervised release imposed on him in the Western District of Washington. The district court in North Carolina determined that Caluori's refusal to follow the recommendations of his treatment providers contravened the terms of his release. Consequently, the court sentenced Caluori to nine months in prison plus twenty-seven additional months of supervised release. The district court proceedings and the court's detailed rulings are explained in a twenty-eight-page sealed Memorandum Opinion of March 24, 2017. *See United States v. Caluori*, No. 1:16-cr-00354 (M.D.N.C. Mar. 24, 2017), ECF No. 29 (the "Opinion"). A separate unsealed Judgment and Commitment was filed by the court in Greensboro that very day. *See United States v. Caluori*, 1:16-cr-00354 (M.D.N.C. Mar. 24, 2017), ECF No. 30 (the "Judgment").

Pursuant to the Judgment, Caluori was ordered to take his prescribed antipsychotic medications as a condition of supervised release. *See* Judgment 2. His refusal to do so would constitute "grounds for revocation of supervised release." *Id.* As explained in the court's sealed Opinion, the court imposed that condition after considering the relevant

3

sentencing factors and balancing Caluori's constitutional interest in being free from unwanted medication against the government's interest in compelling his medication. *See* Opinion 24-27. Specifically, the court determined that the government had a compelling interest in medicating Caluori because he "poses a substantial risk of criminal conduct" when unmedicated. *Id.* at 25. The court also ruled that requiring Caluori to take his antipsychotic medications "offers substantial protection to the public." *Id.* According to the Opinion, there were simply "no less intrusive options" available than compelled medication, given Caluori's refusal to follow the treatment recommendations of his psychiatrists. *Id.* at 26-27. Finally, the court concluded that it was medically appropriate that Caluori take antipsychotic medications for his paranoid schizophrenia, predicated on the testimony of his treating psychiatrists. *Id.* at 27.

Caluori has appealed those rulings and the resulting Judgment. We possess jurisdiction pursuant to 28 U.S.C. § 1291.

Put succinctly, Caluori argues on appeal that the district court in North Carolina abused its discretion in requiring him to take prescribed antipsychotic medications as a condition of supervised release. More specifically, Caluori contends that the government's interest in medicating him — in order to protect both Caluori and the public — does not take precedence over his due process interest in being free from unwanted antipsychotic medications. Caluori thus requests that we vacate the Judgment's condition of supervised release that requires him to take those medications.

After carefully assessing the various written submissions and the oral arguments of counsel, we reject Caluori's contention of error. We predicate that disposition

4

primarily on the thorough analysis made by the district court in its cogent and well-reasoned Opinion.[*] We therefore affirm the Judgment.

*AFFIRMED*

---

[*] We are somewhat troubled that the entirety of the Opinion and substantial portions of the record in this case are sealed. As we recently emphasized, it is a foundational principle of our judicial system that court proceedings are "presumptively open to public scrutiny." *See United States v. Adams*, 788 F.3d 115, 115 (4th Cir. 2015) (quoting *Doe v. Pub. Citizen*, 749 F.3d 246, 265 (4th Cir. 2014)). In that vein, we suggest that the district court examine its Opinion and the record and unseal any portions thereof that should be public. *See id.* at 115-16 (advising district court to "consider alternatives to sealing the entirety of the record and carefully weigh the competing interests at stake" (internal quotation marks omitted)).